IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ROGELIO P. MAGBUAL and ZENAIDA D. MAGBUAL, individually, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

Civil No. 16-00428 HG-KSC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 7) WITH PREJUDICE**

Plaintiffs Rogelio P. Magbual and Zenaida D. Magbual filed a Complaint asserting that the Defendant Federal National Mortgage Association ("Fannie Mae") wrongfully foreclosed upon their home.

Defendant Fannie Mae has filed a Motion to Dismiss.  Fannie Mae argues that Plaintiffs' Complaint is barred from being litigated in federal court, as Plaintiffs already litigated the issues relating to the foreclosure of their home in the courtsof the State of Hawaii.

This Court lacks subject-matter jurisdiction, as Plaintiffs' claims are barred by the Rooker-Feldman doctrine.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of

1

<u>Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482-86

(1983).  Plaintiff's claims are also precluded by *res judicata*.

Defendant Fannie Mae's Motion to Dismiss (ECF No. 7) is

**GRANTED.**

The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**


## PROCEDURAL HISTORY

On August 3, 2016, Plaintiffs Rogelio P. Magbual and Zenaida

D. Magbual ("Plaintiffs") filed a Complaint.  (ECF No. 1).

On August 30, 2016, Defendant Federal National Mortgage

Association ("Fannie Mae") filed a Motion to Dismiss, entitled

DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO

DISMISS COMPLAINT FOR UNLAWFUL, ILLEGAL AND WRONGFUL FORECLOSURE

AND VIOLATIONS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

U.S.C. SECTION 15 U.S.C. §1692(E) AND ACT 48 PERTAINING MORTGAGE

FORECLOSURE, AND VIOLATION OF TRUST AGREEMENT UNDER THE POOLING

AND SERVICING AGREEMENT (PSA); HAWAII UNFAIR AND DECEPTIVE

BUSINESS PRACTICES ACT: HAW REV. STAT. §480 1 THROUGH 480-24,

FILED AUGUST 3, 2016 [Dkt. No. 1].  (ECF No. 7).

On October 3, 2016, Plaintiffs filed a Motion for Extension

of Time pursuant to Federal Rule of Civil Procedure 6.  (ECF No.

14).

On October 3, 2016, the Court filed an Order granting

Plaintiffs' motion for extension of time.  The Court ordered

Plaintiffs to file their Opposition on or before October 21, 2016. (ECF No. 15).

On October 21, 2016, Plaintiffs filed their Opposition, entitled PLAINTIFFS ROGELIO P. MAGBUAL AND ZENAIDA D. MAGBUAL'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR UNLAWFUL, ILLEGAL AND WRONGFUL FORECLOSURE AND VIOLATIONS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT U.S.C. SECTION 15 U.S.C. § 1692 (e) AND ACT 48 PERTAINING MORTGAGE FORECLOSURE, AND VIOLATION OF TRUST AGREEMENT UNDER THE POOLING AND SERVICING AGREEMENT (PSA). (ECF No. 16).

On November 4, 2016, Defendant Fannie Mae filed DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FOR UNLAWFUL, ILLEGAL AND WRONGFUL FORECLOSURE AND VIOLATIONS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT U.S.C. SECTION 15 U.S.C. §1692(E) AND ACT 48 PERTAINING MORTGAGE FORECLOSURE, AND VIOLATION OF TRUST AGREEMENT UNDER THE POOLING AND SERVICING AGREEMENT (PSA). (ECF No. 17).


## BACKGROUND

On October 31, 2007, Plaintiffs Rogelio P. Magbual and Zenaida D. Magbual ("Plaintiffs") executed a promissory note secured by a mortgage on their home in Wailuku, Hawaii, on the island of Maui. (Complaint at ¶ 2, ECF No. 1; State Court Findings of Fact & Conclusions of Law at ¶ 1, Ex. F of Def.

3

Motion to Dismiss, ECF No. 7-8).

On October 10, 2012, Nationstar Mortgage LLC ("Nationstar") instituted judicial foreclosure proceedings against Plaintiffs by filing a complaint in the Circuit Court of the Second Circuit, State of Hawaii.  (Ex. B, ECF No. 7-4).

On January 2, 2014, the state court entered judgment in favor of Nationstar and filed a decree of foreclosure and order of sale.  (Ex. G, ECF No. 7-9).  Plaintiffs did not appeal the judgment, decree of foreclosure, or order of sale.  (State Court Docket, Ex. A, ECF No. 7-1).

On March 28, 2016, Plaintiffs filed a motion in state court seeking relief from the January 2, 2014 judgment.  In their motion, Plaintiffs argued that the foreclosure was void and illegal, as Nationstar was improperly assigned the promissory note and mortgage.  (Ex. J, ECF No. 7-12).

On June 16, 2016, the state court denied Plaintiffs' March 28, 2016 motion.  (Ex. K, ECF No. 7-13).  On the same date, June 16, 2016, the state court filed an order confirming the sale of the foreclosed home and issued a writ of ejectment.  (Exs. L; N, ECF Nos. 7-14; 7-16).  The state court also entered a second judgment, also in favor of Nationstar, as to the sale of the foreclosed home and the issuance of the writ of ejectment.  (Ex. M, ECF No. 7-15).  Plaintiffs did not appeal the second judgment. (State Court Docket, Ex. A).

4

On August 3, 2016, Plaintiffs filed the instant federal court Complaint.  Plaintiffs seek to nullify the foreclosure and sale of their home.  Plaintiffs' position is difficult to understand, but appears to be that Defendant Federal National Mortgage Association (Fannie Mae") was not a true holder of the mortgage note or the mortgage, and so the foreclosure was invalid.  (ECF No. 1).  The federal court Complaint also alleges that Fannie Mae's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Hawaii Unfair or Deceptive Acts and Practices statute, Haw. Rev. Stat. § 480-1 *et seq.*

## STANDARD OF REVIEW

**Dismissal Pursuant to the Rooker-Feldman Doctrine**

A plaintiff has the burden of proving that subject-matter jurisdiction exists.  Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a case for want of subject-matter jurisdiction when the court lacks a constitutional or statutory basis to adjudicate the controversy.  Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).  A court considering a motion to dismiss pursuant to Rule 12(b)(1) may review evidence outside of the pleadings to resolve factual

5

disputes concerning the existence of jurisdiction.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

A challenge to the court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. Id.  A federal court resolves a facial attack as it would a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6): by determining whether the allegations presented in the complaint are sufficient to invoke the court's jurisdiction. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).  In a factual attack, the party challenging jurisdiction disputes the truth of the complaint's allegations, which would otherwise afford the court with subject-matter jurisdiction.  Safe Air for Everyone, 373 F.3d at 1039.

**Dismissal Pursuant to the *Res Judicata* Doctrine**

Federal Rule of Civil Procedure 8 denotes *res judicata* as an affirmative defense.  Although a party ordinarily may not raise affirmative defenses in a motion to dismiss, *res judicata* may be asserted when doing so does not raise any disputed issues of fact.  Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action.

<u>Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency</u>, 322 F.3d 1064, 1077 (9th Cir. 2003). The doctrine prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. <u>Western Radio Servs. Co., Inc. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997). The purpose of *res judicata* is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." <u>Marin v. HEW, Health Care Fin. Agency</u>, 769 F.2d 590, 594 (9th Cir. 1985) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)).

## ANALYSIS

The Court construes Plaintiffs Rogelio P. Magbual and Zenaida D. Magbual's ("Plaintiffs") pleadings liberally because they are proceeding pro se. <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam))).

## I.  Defendant Fannie Mae's Request for Judicial Notice

The Defendant Federal National Mortgage Association ("Fannie Mae") asks the Court to take judicial notice of various documents

7

filed in the state court action for judicial foreclosure as to
Plaintiffs' home.

The Court may consider exhibits attached to the Complaint
and documents whose contents are incorporated by reference in the
Complaint without converting a motion to dismiss to a motion for
summary judgment.  Lee v. City of L.A., 250 F.3d 668, 688 (9th
Cir. 2001).  The Court may also consider matters that are the
proper subject of judicial notice pursuant to Federal Rule of
Evidence 201.  Id. at 688-89; Tellabs, Inc. v. Makor Issues &
Rights, Ltd., 551 U.S. 308, 322 (2007).  Federal Rule of Evidence
201 permits the Court to take judicial notice *sua sponte* or upon
the request of a party.  Fed. R. Evid. 201(c).

Exhibits A through N of Fannie Mae's Motion to Dismiss are
state court records relating to the subject matter of the case
before the Court.  Exhibit O is a certified copy of a July 6,
2016 Commissioner's Deed that is recorded in the State of Hawaii
Bureau of Conveyances.  (Atty. Nakamoto Decl. at ¶ 17, ECF No. 7-
2).  The evidence put forth by Defendant Fannie Mae bears
directly on whether the Court may exercise jurisdiction over this
case.

Federal courts may take judicial notice of related state
court orders and proceedings in deciding a Motion to Dismiss.
ScripsAmerica, Inc. v. Ironridge Global LLC, 56 F.Supp.3d 1121,
1136 (C.D. Cal. 2014) (citing United States v. Black, 482 F.3d

8

1035, 1041 (9th Cir. 2007)).

Defendant Fannie Mae's Request for the Court to take judicial notice of Fannie Mae's exhibits is **GRANTED**.


## II.   The Court is Without Subject Matter Jurisdiction Pursuant to the Rooker-Feldman Doctrine

The Rooker-Feldman doctrine traces its origins to two United States Supreme Court decisions: Rooker v. Fid. Tr. Co., 263 U.S. 413, 415-16 (1923) and D.C. Ct. of App. v. Feldman, 460 U.S. 462, 482-86 (1983).

In Rooker, an unsuccessful state court plaintiff filed suit in federal district court, alleging that the state court decision rested upon an unconstitutional state statute.  The United States Supreme Court affirmed the district court's ruling that it had no jurisdiction over the matter, stating that the jurisdiction of federal district courts is strictly original.  Rooker, 63 U.S. at 416.  The proper avenue of appeal by Plaintiffs was through the state court system.  Should the plaintiff fail to prevail through the state appellate courts, the plaintiff may then turn to the United States Supreme Court to reverse or modify the state court judgment.  Id. at 415-16.

In Feldman, the plaintiffs filed a petition with the District of Columbia seeking a waiver of a bar admission rule. 460 U.S. at 465.  The plaintiffs proceeded to federal district

court after receiving an adverse ruling.  The United States
Supreme Court ruled that the district court lacked subject matter
jurisdiction over the denial of their petitions to be admitted to
the bar, even though the challenges alleged that the state
court's action was unconstitutional.  Id. at 486-87.

The Rooker-Feldman doctrine is based upon the principle that
the federal district courts are without the authority to exercise
appellate review of the state judicial process.  Henrichs v.
Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007).  The United
States Supreme Court has explained that the dual system of
federal and state courts could not function if state and federal
courts were free to fight each other for control of a particular
case.  Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398
U.S. 281, 286 (1970) (citing Okla. Packing Co. v. Gas Co., 309
U.S. 4, 9 (1940)).  The Rooker-Feldman doctrine serves to prevent
needless friction between state and federal courts.  Id.;
Henrichs, 474 F.3d at 613.

The Rooker-Feldman doctrine applies when (1) the losing
party in a state court action (2) brings suit in federal court
complaining of injuries caused by a state court judgment (3) that
was rendered before federal proceedings commenced, and (4) the
federal court plaintiff invites district court review and
rejection of the state court judgment.  Exxon Mobil Corp. v.
Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The evidence

10

presented establishes that the <u>Rooker-Feldman</u> doctrine applies to the case before the Court.

### 1. Plaintiffs Were the Losing Party in State Court, Where Judgment Was Entered Prior to Plaintiffs' Filing of the Federal Complaint

For the <u>Rooker-Feldman</u> doctrine to apply, the party against whom the doctrine is invoked must be a party to the underlying state-court proceeding. <u>Lance v. Dennis</u>, 546 U.S. 459, 466 (2006). In addition, the state court judgment must have been entered, and proceedings must have concluded, before the federal court action began. <u>Exxon Mobil Corp.</u>, 544 U.S. at 284. The Ninth Circuit Court of Appeals has recognized that for the purposes of the <u>Rooker-Feldman</u> analysis, state proceedings conclude when the state court resolves the issue that the federal court plaintiff seeks to relitigate. <u>Mothershed v. Justices of Sup. Ct.</u>, 410 F.3d 602, 604 n. 1 (9th Cir. 2005) (citing <u>Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico</u>, 410 F.3d 17, 25 (1st Cir. 2005)).

In Hawaii, a homeowner who wishes to challenge a decree of foreclosure and order of sale must file the appeal within 30 days of the decree's filing, even if the case has not concluded. <u>Beneficial Haw., Inc. v. Casey</u>, 45 P.3d 359, 365 (Haw 2002); <u>Cnty. of Kauai v. Girald</u>, No. CV 15-00204 LEK-BMK, 2015 WL 5884859, at *6 (D. Haw. Oct. 6, 2015).

On January 2, 2014, the Circuit Court of the Second Circuit,

11

State of Hawaii, entered a Judgment, Decree of Foreclosure, and
Order of Sale against Plaintiffs.  (Ex. G of Def. Motion to
Dismiss, ECF No. 7-9).  Plaintiffs did not appeal the Judgment,
Decree of Foreclosure, or Order of Sale.  (State Court Docket,
Ex. A of Def. Motion to Dismiss, ECF No. 7-3).

On January 15, 2016, the Circuit Court filed an order
permitting a commissioner to sell Plaintiffs' home without the
need to hold open houses. (Id. at No. 39).  On February 12,
2016, Plaintiffs filed a notice of appeal as to the January 15,
2016 order.  (ECF No. 7-10).  The appeal, however, did not affect
the order of foreclosure as to Plaintiffs' home, which had been
entered on January 2, 2014, more than two years earlier.  See
Beneficial Haw., Inc., 45 P.3d at 365.  On June 15, 2016, the
Hawaii Intermediate Court of Appeals dismissed Plaintiffs' appeal
of the Circuit Court's January 15, 2016 order.  (ECF No. 7-11).
Plaintiffs did not appeal the Intermediate Court of Appeals's
order.  (State Court Docket, Ex. A of Def. Motion to Dismiss).

On June 16, 2016, the state Circuit Court filed a Judgment
confirming the sale of the foreclosed home and issuing a writ of
ejectment.  (Ex. M of Def. Motion to Dismiss, ECF No. 7-15).
Pursuant to Haw. R. App. P. 4(a), any appeal of the Judgment must
have been filed within 30 days.  Plaintiffs did not appeal the
Judgment.  (State Court Docket, Ex. A of Def. Motion to Dismiss).

Plaintiffs filed their federal court Complaint on August 3,

12

2016.  (ECF No. 1).

Plaintiffs were the losing party in the underlying state court action, and that the state court proceedings ended prior to the instant federal court action.

### 2. Plaintiffs' Federal Court Complaint Alleges Injury From the State Court Foreclosure Action, and Seeks to Reverse the State Court Judgment

The <u>Rooker-Feldman</u> doctrine bars a federal court from presiding over a lawsuit that alleges that the plaintiff was harmed by a prior state court judgment, and seeks to disrupt or undo that state court judgment.  <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 901 (9th Cir. 2003).  The federal courts determine whether a plaintiff is seeking to disrupt or undo a prior state court judgment by reviewing the substance of the plaintiff's claims and paying close attention to the relief sought.  <u>Cooper v. Ramos</u>, 704 F.3d 772, 777-78 (9th Cir. 2012) (citations omitted).  A plaintiff may not avoid the <u>Rooker-Feldman</u> doctrine by artfully pleading his claims if the suit constitutes a de facto appeal from the state court.  <u>Id.</u>; <u>Bianchi</u>, 334 F.3d at 898 (holding that a federal claim based on the state court's denial of relief is the functional equivalent of an appeal of the state court decision).

A review of the Complaint unambiguously establishes that Plaintiffs seek to reverse the state Circuit Court's Judgment concerning the foreclosure as to their home.  The Complaint

13

alleges that the foreclosure and subsequent sale of Plaintiffs'
home was invalid, that Defendant Fannie Mae was improperly
assigned the mortgage note and mortgage, and therefore did not
have a legal interest in the home.  As relief, Plaintiffs seek
(1) a declaratory ruling stating that their home was wrongfully
foreclosed on, (2) an injunction enjoining any foreclosure
proceeding or eviction, (3) an order canceling the transfer of
the title, (3) an order vacating the foreclosure and sale of the
home, and (4) $1.5 million in damages.  (Complaint at p. 11, ECF
No. 1).

        The Court lacks jurisdiction to rule on Plaintiffs'
Complaint because of the <u>Rooker-Feldman</u> doctrine.  Ruling in
favor of Plaintiffs would effectively reverse and void the
decision of the state Circuit Court.  <u>Cooper</u>, 704 F.3d at 781-82.


### III. *Res Judicata* **Precludes Plaintiffs' Action**

        In addition to being barred by the <u>Rooker-Feldman</u> doctrine,
Plaintiffs' claims are precluded by the doctrine of *res judicata*.
*Res judicata*, or claim preclusion, generally bars courts from
entertaining litigation of any claims that were raised or could
have been raised in a prior lawsuit.  <u>Ruiz v. Snohomish Cnty.</u>
<u>Pub. Util. Dist. No. 1</u>, 824 F.3d 1161, 1164 (9th Cir. 2016).
Federal courts look to the forum state's laws to determine the
preclusive effect of a state court judgment.  <u>Albano v. Norwest</u>

<u>Fin. Haw., Inc.</u>, 244 F.3d 1061, 1063 (9th Cir. 2001); <u>Pedrina v. Chun</u>, 97 F.3d 1296, 1301 (9th Cir. 1996).

Under Hawaii law, *res judicata* applies if (1) there was a final judgment on the merits, (2) both parties are identical to or in privity with the parties in the original lawsuit, and (3) the claim decided in the original lawsuit is identical to the claim presented in the present lawsuit. <u>Bremer v. Weeks</u>, 85 P.3d 150, 161 (Haw. 2004).

**1. Final Judgment on the Merits**

On January 2, 2014, the state Circuit Court entered summary judgment, a Decree of Foreclosure, and Order of Sale against Plaintiffs. (Ex. G of Def. Motion to Dismiss, ECF No. 7-9). On June 16, 2016, the Circuit Court filed a second Judgment, concerning the sale of the foreclosed home and the issuance of a writ of ejectment. (Ex. M of Def. Motion to Dismiss, ECF No. 7-15).

Pursuant to Haw. R. App. P. 4(a), any appeal to either Judgment must have been filed within 30 days. Plaintiffs did not appeal either Judgment. (State Court Docket, Ex. A of Def. Motion to Dismiss). There was a final judgment on the merits. <u>Albano</u>, 244 F.3d at 1063; <u>Ounyoung v. Fed. Home Loan Mortg. Corp.</u>, No. CIV. 12-00322 LEK, 2012 WL 5880673, at *4 (D. Haw. Nov. 21, 2012).

**2. Identity or Privity Between the Parties**

15

Plaintiffs here were the defendants in the underlying state court action. Albano, 244 F.3d at 1064. Fannie Mae was not a party to the state court proceedings. Nationstar Mortgage LLC ("Nationstar") was the plaintiff and foreclosing party in the underlying state court lawsuit. *Res judicata* may only apply if Defendant Fannie Mae is in privity with Nationstar. Bremer, 85 P.3d at 161.

Privity exists for the purposes of *res judicata* when a non-party's interests and rights are represented and protected by a party to the prior action. Pedrina, 97 F.3d at 1302 (citing In re Herbert M. Dowsett Trust, 791 P.2d 398, 402 (Haw. Ct. App. 1990)). Courts liberally construe the scope of privity:

> Under Hawaii law, the concept of privity has moved from the conventional and narrowly defined meaning of mutual or successive relationships to the same rights of property to merely a word used to say that the relationship between one who is a party of record and another is close enough to include that other within *res judicata*.

Niutupuivaha v. Wells Fargo Bank, N.A., No. CIV. 13-00172 LEK, 2013 WL 6210634, at *5 (D. Haw. Nov. 27, 2013) (modifications removed) (citing In re Herbert M. Dowsett Trust, 791 P.2d at 402 and other cases).

Defendant Fannie Mae acquired title to Plaintiffs' home through Nationstar's foreclosure and sale. Fannie Mae purchased the home as Nationstar's nominee. (Commissioner's Deed of Sale, Ex. O of Def. Motion to Dismiss, ECF No. 7-17). The Court finds

16

that Defendant Fannie Mae is in privity with Nationstar.  <u>See</u>
<u>State by Price v. Magoon</u>, 858 P.2d 712, 725 (Haw. 1993) (holding
that privity exists where one party litigated the ownership of a
property in the first lawsuit and then transferred the property
to the other party); <u>Ounyoung</u>, 2012 WL 5880673, at *5 (finding
privity where the party to the present action was deeded the
foreclosed property by a party to a prior action).

### 3. Identity of Claims

The Hawaii Supreme Court has instructed that determining
whether a litigant is essentially asserting the same claim in a
second lawsuit requires an analysis of whether the second "claim"
arises out of the same transaction as that of the first lawsuit.
<u>Kauhane v. Acutron Co.</u>, 795 P.2d 276, 279 (Haw. 1990) (citing
Restatement (Second) of Judgments § 24 (1982)).  If the second
claim concerns the same subject matter as that which was
litigated in the first lawsuit, *res judicata* may apply if the
issues raised in the second action could have been raised in the
earlier state court lawsuit.  <u>Albano</u>, 244 F.3d at 1064.

There is an identity of claims between the underlying state
court action and Plaintiffs' federal Complaint.  Both lawsuits
concern the validity of the foreclosure as to Plaintiffs' home.
Plaintiffs litigated in state court the issue they assert in this
federal action: whether the mortgage and mortgage note had been
improperly assigned.  (Plas. State Court Opp. to Motion for

17

Summary Jdgmt. at pp. 9-15, ECF No. 7-7; Plas. State Court Motion for Recon., ECF No. 7-12).  The state court considered, and rejected, Plaintiffs' argument.  (State Court Order Granting Motion for Summary Jdgmt., ECF No. 7-8; State Court Order Denying Motion for Recon., ECF No. 7-13).

The fact that Plaintiffs now allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Hawaii Unfair or Deceptive Acts and Practices statute, Haw. Rev. Stat. § 480-1 *et seq.*, does not change the conclusion that an identity of claims exists or that *res judicata* applies. Plaintiffs could have, but did not, litigate those claims in state court as defenses to preclude foreclosure.  See Bumatay v. Fin. Factors, Ltd., No. CIV 10-00375 JMS/LK, 2010 WL 3724231, at *6 (D. Haw. Sept. 16, 2010) (*res judicata* applied to plaintiffs who asserted new federal claims that merely challenged validity of state court foreclosure proceedings) (citing Albano, 244 F.3d at 1064).  Plaintiffs' new causes of action do not provide relief from the doctrine of *res judicata*.

All three elements of *res judicata* are met.  *Res judicata* bars Plaintiffs from proceeding on their Complaint against Defendant Fannie Mae.

Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

Amendment is not permitted, as granting leave to amend would

18

be futile in light of the <u>Rooker-Feldman</u> doctrine.   <u>Read v. de Bellefeuille</u>, 577 Fed. Appx. 647, 647-48 (9th Cir. 2014) (citing <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)).

<u>**CONCLUSION**</u>

Defendant Federal National Mortgage Association's Motion to Dismiss (ECF No. 7) is **GRANTED.**

The Complaint is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is directed to **ENTER JUDGMENT** and **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: December 29, 2016, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>ROGELIO P. MAGBUAL and ZENAIDA D. MAGBUAL v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC., (FANNIE MAE); JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50</u>; Civil No. 16-00428 HG-KSC; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 7) WITH PREJUDICE.**